No. 23,015.

THE STATE OF KANSAS, *Appellee,* v. ELIAS SMITHHISLER, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*Sales—Rulings of Court—No Prejudicial Error Appears in the Record of Conviction.* The proceedings considered, and *held:* A motion for continuance was properly denied; prejudicial error was not committed through rulings relating to evidence and the cross-examination of witnesses; the evidence sufficiently established the sale relied on for conviction; assignments of error relating to instructions given are frivolous; misconduct of the jury was not established; and evidence offered to impeach the verdict was properly excluded.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed March 11, 1922. Affirmed.

*George E. McMahon,* and *E. C. Wilcox,* both of Anthony, for the appellant.
*Richard J. Hopkins,* attorney-general, and *Vernon Day,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of selling intoxicating liquor and of keeping a liquor nuisance, and appeals.

The defendant complains because his motion for a continuance was denied. The court knew all that had occurred in court with reference to setting the case for trial. The court considered the defendant's affidavit for continuance, which contained strong indication of insincerity; heard the defendant testify at length; heard explanation of the use made during the term of a letter from the defendant expressing a desire for a continuance on account of his father's illness, although his father died before the term opened; and heard the testimony of a witness with whom the defendant discussed the subject of letting the case "slide over" the term. The

The State v. Smithhisler.

facts disclosed need not be recited. The following finding was well sustained:

"It is the finding of the court that the application is not in good faith; he is trifling with the court."

The defendant placed one more service stripe on the veteran defense in criminal cases that the prosecution was "framed up" by a "gang" of "rough-necks," who malignantly conspired together to revenge themselves on the defendant. The defendant was running a "Jake joint" in connection with his drug store at Danville. Jamaica ginger could be purchased there any time, by the drink or by the quart, for use as intoxicating liquor. Those who preferred Vine-o-vitæ, Hostetter's Bitters, or Beef Wine and Iron, were able to obtain them. Since no jury sits in appeals to this court, it serves no purpose to complain here of the difficulties encountered in injecting the defense referred to into the trial of the case.

The defendant was convicted on the first count of the information by testimony of the witness Purcell. The abstract discloses that the credibility of this witness was fairly tested.

It is said Purcell's testimony did not establish the sale on which the state elected to rely for conviction. The election, as stated in the instruction, follows:

"The state of Kansas relies for conviction of the defendant under the first count of the information upon the alleged sale of Jamaica Ginger or 'Jake' to Fred Purcell on or about February 10 or 11, 1919, soon after his return from the army on February 4, 1919, as testified by the witness."

The witness could not specify the days on which purchases were made. He returned from the army on February 4, 1919. Beginning soon after that date, he renewed a practice he had followed before going into the army, and when at home on leave, and bought "Jake" whenever he wanted it, until the defendant went out of business in May. He said he bought within a week, or two or three days, after his return, and within two weeks bought two or three times. The election evidently referred to the beginning of the witness' patronage of the defendant after the witness returned from the army and, under the circumstances, the sale was sufficiently identified by the election and by the testimony.

Assignments of error relating to instructions given the jury are frivolous. For example, the 9th instruction stated to the jury what was essential to conviction under the first count, and the 10th instruction stated the duty of the jury in case the state had proved

all material allegations, and in case it had failed to do so. Instructions numbered 11 to 18, inclusive, did the same, in order, for other counts. The court then instructed concerning the elections made by the state, and in instruction 19 told the jury conviction on the first count must be had, if at all, for the elected sale. Succeeding instructions did the same for other counts. It is argued that these perfectly clear and systematically arranged instructions were "confused and confusing," that the 9th instruction was erroneous because it did not contain the substance of the 19th, and that the result was a "confused, distorted and abortive" verdict.

The verdict of guilty submitted to the jury was in the following form:

"We, the jury, empaneled and sworn in the above entitled case, do upon our oaths find the defendant, Elias Smithhisler, guilty of the public offense of unlawfully selling intoxicating liquor as charged in the first, second, third, fourth and fifth counts of the information; and guilty of the public offense of keeping and maintaining a common nuisance, in that he unlawfully kept and maintained in a certain building, situated on lots six and seven, in block three, in the town of Danville, in Harper county, Kansas, a place where intoxicating liquors were sold, bartered, and given away, and kept for sale, barter, and delivery, all in violation of law, as charged in the sixth count of the information."

In the verdict returned, the words "second," "third," "fourth," and "fifth," were stricken out, and the letter "s" was stricken from the word "counts" following the word "fifth." When the verdict was returned, the following occurred:

"And thereupon the roll of jurors is called, and each juror answers present, and said verdict is read in open court by the clerk of said court, and the jury is polled and the jurors aforesaid are asked by the court whether the verdict so returned and read is their verdict, and each juror answers in the affirmative; . . ."

The motion for a new trial charged misconduct of the jury. At the hearing on the motion no proof of misconduct was offered. What the defendant tried to do was to impeach the verdict by showing the jurors did not intend to find the defendant guilty on the 6th count. Evidence to this effect was properly excluded, and the motion for a new trial was properly denied.

The judgment of the district court is affirmed.